IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CV-692-MOC-WCM

| | |
|---|---|
| CAROLYN MAYS, | ) |
| | ) |
| Plaintiff, | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 11 & 13), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

I. Procedural Background

On July 8, 2016, Plaintiff filed an application for disability insurance benefits, alleging that her disability began on April 11, 2016. Transcript of Administrative Record ("AR") pp. 13, 128-134. Following denial of Plaintiff's claim on initial review and reconsideration, a hearing was held on August 14, 2018, where Plaintiff appeared and testified. AR pp. 26-50.

On November 14, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 10-25. The Appeals Council denied Plaintiff's request for review of that decision and on December 19, 2019 Plaintiff timely filed the instant action. AR pp. 1-7; Doc. 1. Accordingly, the ALJ's decision is

1

the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant

2

is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairment of degenerative disc disease of the lumbar spine. AR p. 15. The ALJ further found that Plaintiff had the RFC to perform

> sedentary work, as defined in 20 C.F.R. 404.1567(a), except no requirement to climb ladders ropes or scaffolds or to kneel or crawl in order to perform work duties; sit-stand option with ability to sit for 45 minutes to one hour before change of position, which would not take her off task more than 15% of the work day; and must be able to be in a seated position with her leg extended straight out or propped up below waist height.

> AR p. 16

Applying this RFC, the ALJ found that Plaintiff was able to perform her past relevant work and was not disabled from April 11, 2016 (the alleged disability onset date) through December 31, 2017 (the date last insured). AR p. 19.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision

3

applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

### V. Analysis

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. The Commissioner is responsible for determining the claimant's RFC based on all the relevant

evidence. Johnson, 434 F.3d at 653.

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion" that the plaintiff's RFC sufficiently accounts for her limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence."); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at * (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion.").

The issue presented in this case is a narrow one: whether the restriction in the RFC that Plaintiff "must be able to be in a seated position with her leg extended straight out or propped up below waist height" is supported by substantial evidence. AR p. 16.

Plaintiff argues that there is no evidence in the record to support the restriction that she only needs to elevate her leg "below waist height;" rather, she argues that substantial evidence indicates that her leg must be elevated at waist-level. Pl.'s Mem. (Doc. 12), pp. 3-9. In response, the Commissioner

5

contends that Plaintiff's RFC is supported by substantial evidence and that "Plaintiff failed to present sufficient evidence to support her need to elevate her leg above the waist." Def.'s Mem. (Doc. 14), pp. 7-10.

It is Plaintiff's burden to establish that she suffers from an impairment which limits her functional capacity. 20 C.F.R. 404.1505; 416.905; see Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Here, the ALJ and Plaintiff agree that Plaintiff suffers from degenerative disc disease, and the ALJ relies on medical records indicating that Plaintiff's knee pain is related to this severe impairment. AR p. 18 (citing AR pp. 310-324). As indicated, though, the dispute centers on the degree to which Plaintiff is required to elevate her leg in order to achieve relief from the pain related to this impairment.

In her decision, the ALJ summarizes the record and explains the weight she afforded to certain evidence, but she does not explain why Plaintiff is restricted to work that allows her leg to be "extended straight out or propped up below waist height." AR p. 16-19. This omission is problematic, as the ALJ does not acknowledge evidence in the record that suggests Plaintiff's leg needs to be elevated at waist-height or explain why such evidence was disregarded. For example, Plaintiff testified that she could have continued her past work if she had been able to elevate her leg at waist-height, and that extending her leg in front of her without it being elevated would not have sufficed. AR p. 34 (responding to the ALJ's question regarding her leg, "What about having it

6

stretched out in front of you?" with "If it's elevated but not just [straight out]" and "How high does it have to be elevated?" with "At least waist high.").[1]

In sum, the lack of an explanation regarding either the restriction that Plaintiff sit with her leg "extended straight out or propped up below waist-level" or the decision to discredit Plaintiff's testimony that might have supported a different restriction "frustrates meaningful review," White v. Colvin, No. 3:15-CV-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016), and leads the undersigned to recommend that the ALJ's decision be remanded for further consideration of these issues. See Hall v. Berryhill, No. 3:17-CV-00285-MOC, 2018 WL 1463702, at *3 (W.D.N.C. Mar. 23, 2018) (finding that the ALJ erred because he failed to "explain why he did not include the need for above-waist elevation or why claimant's testimony in that regard was not credible. Likewise, there is no medical evidence cited by the ALJ that supports the need for only 10 inches of elevation."); cf. McKenzie v. Colvin, No. 4:14-CV-00049, 2015 WL 12552035, at *10 (W.D. Va. Nov. 5, 2015), report and

---

[1] In developing Plaintiff's RFC, the ALJ also noted Plaintiff's testimony that she could sit for 2 hours if her leg was elevated, and 45 minutes to 1 hour if it was not elevated. AR p. 17; see also AR p. 37 ("And how long can you sit before the pain in your leg gets to the point where you have to change position?" "If it's elevated, I can sit for probably two hours." "If it's not elevated." "Maybe 45 minutes to an hour."). Plaintiff's RFC includes a "sit-stand option with the ability to sit for 45 minutes to one hour before change of positions." AR p. 16. It may be that the ALJ considered this "sit-stand option" to be an adequate substitute for Plaintiff's need to elevate her leg. However, the ALJ does not make such a finding, and the inclusion of some form of leg elevation in the RFC indicates that the ALJ did not consider the "sit-stand option" to be an alternative to leg elevation.

7

recommendation adopted sub nom. McKenzie v. Astrue, No. 4:14-CV-00049, 2015 WL 12552036 (W.D. Va. Dec. 4, 2015) (finding that the ALJ was correct to exclude a limitation in the RFC regarding the plaintiff's need to elevate his leg to waist-height because "the ALJ provided specific reasons for his credibility determination, including moderate clinical findings, record evidence showing McKenzie's improved functioning, and his lack of medical treatment … [which] are sufficient reasons to support the ALJ's credibility finding.").

## VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 11) be **GRANTED** and that the Commissioner's Motion for Summary Judgment (Doc. 13) be **DENIED**.

Signed: October 20, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).